```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


A.B.,[1]

                    Plaintiff,

vs.                                     Case No. 20-1114-SAC

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

                    Defendant.
```

**MEMORANDUM AND ORDER**

This is an action appealing the denial of Social Security disability benefits. Plaintiff filed her application for benefits on September 13, 2017, alleging that she has been disabled since March 27, 2017. The administrative law judge (ALJ) conducted a hearing on February 6, 2019, considered the evidence, and decided on April 8, 2019 that plaintiff was not qualified to receive benefits. This decision has been adopted by defendant. This case is now before the court upon plaintiff's request to reverse and remand the decision to deny plaintiff's application for benefits.

I. Standards of review

To qualify for disability benefits, a claimant must establish that he or she was "disabled" under the Social Security Act, 42 U.S.C. § 423(a)(1)(E), during the time when the claimant had

---

[1] The initials are used to protect privacy interests.

"insured status" under the Social Security program.  See Potter v. Secretary of Health & Human Services, 905 F.2d 1346, 1347 (10th Cir. 1990); 20 C.F.R. §§ 404.130, 404.131.  To be "disabled" means that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The court must affirm the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the proper legal standards.  See Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  "Substantial evidence" is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019)(quoting Consolidated Edison Co. v. NLRB, 305, U.S. 197, 229 (1938)).  This standard is "not high," but it is "'more than a mere scintilla.'" Id., (quoting Consolidated Edison, 305 U.S. at 229).  It does not require a preponderance of the evidence.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

The court must examine the record as a whole, including whatever in the record fairly detracts from the weight of the defendant's decision, and on that basis decide if substantial evidence supports the decision.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994)(quoting Casias v. Secretary of Health & Human

2

Services, 933 F.2d 799, 800-01 (10th Cir. 1991)). The court may not reverse the defendant's choice between two reasonable but conflicting views, even if the court would have made a different choice if the matter were referred to the court de novo. Lax, 489 F.3d at 1084 (quoting Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004)). The court reviews "only the sufficiency of the evidence, not its weight." Oldham v. Astrue, 509 F.3d 1254, 1257 (10th Cir. 2007).

II. The ALJ's decision (Tr. 16-27).

There is a five-step evaluation process followed in these cases which is described in the ALJ's decision. (Tr. 17-18). First, it is determined whether the claimant is engaging in substantial gainful activity. Second, the ALJ decides whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments which are "severe." At step three, the ALJ decides whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ determines the claimant's residual functional capacity and then decides whether the claimant has the residual functional capacity to perform the requirements of his or her past relevant work. Finally, at the last step of the sequential evaluation process, the ALJ determines whether the claimant is

able to do any other work considering his or her residual functional capacity, age, education and work experience.

In steps one through four the burden is on the claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006). At step five, the burden shifts to the Commissioner to show that there are jobs in the economy with the claimant's residual functional capacity. Id. In this case, the ALJ decided plaintiff's application should be denied at the fifth step of the evaluation process. The ALJ also determined that there were sedentary work positions in the economy that plaintiff was capable of performing.

The ALJ made the following specific findings in his decision. First, plaintiff last met the insured status requirements for Social Security benefits through December 31, 2022. Second, plaintiff has not engaged in substantial gainful activity since March 27, 2017. Third, plaintiff has the following severe impairments: fibromyalgia; obesity; sleep apnea; neuropathy; depression; and anxiety/PTSD. The ALJ also acknowledged that plaintiff has narcolepsy, a skin condition, diabetes, hypothyroidism and hypertension, but determined that these conditions did not limit plaintiff's functional capacity.

Fourth, plaintiff does not have an impairment or combination of impairments that meet or medically equal the listed impairments

4

in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Fifth, plaintiff has the residual functional capacity (RFC):

> to perform sedentary work as defined in 20 C.F.R. § 404.1567(a).  The claimant can lift and or carry 10 pounds frequently and 20 pounds occasionally.  She is able to walk or stand for 2 hours in an 8-hour workday and sit for up to 6 hours in an 8-hour workday.  The claimant can occasionally climb stairs but can never climb ropes, scaffolds or ladders.  The claimant can occasionally stoop, crouch, kneel or crawl.  The claimant must avoid prolonged exposure to temperature extremes, humidity and wetness.  The claimant must avoid hazardous moving machinery.  The claimant is limited to simple, routine repetitive tasks with occasional interaction with co-workers and occasional interaction with the general public.  The claimant retains the ability to adapt to changes in the workplace on a basic level and accept supervision on a basic level.

(Tr. 20).  Based upon the testimony of a vocational expert, the ALJ determined that plaintiff could perform jobs existing in the national economy, such as addressing clerk, document preparer and stuffer.  (Tr. 26).

III. <u>Remand shall be directed because of errors in evaluating plaintiff's fatigue symptoms</u>.

Plaintiff alleges that the denial of benefits should be reversed because the ALJ failed to properly analyze the evidence of plaintiff's fibromyalgia and fatigue, and because the ALJ did not properly consider evidence from Dr. C. Shaffia Laue.  In this order, the court will focus upon whether the ALJ considered evidence of plaintiff's fatigue in accordance with SSR 16-3p.

A. Evidence of fatigue

Plaintiff testified on February 6, 2019 that she sleeps more and more, takes more naps and can't wake up. (Tr. 45). She sets an alarm clock every day to wake up in the afternoon to drive her son home from school. (Tr. 49). Activity saps her energy. (Tr. 57). This testimony is consistent overall with the function reports completed by plaintiff and her husband in October 2017. (Tr. Ex. 4E and 5E). It is also consistent with numerous notations of fatigue in the medical records.[2] E.g., Tr. 346, 467, 477, 801, 851-52, 914, 919, 922, 927, 937, 942, 977, 985, 1047. On May 2, 2018, for instance, plaintiff reported to her nurse practitioner that she required several naps daily and gets tired so that she has to sleep for safety. (Tr. 922). The medical source statements of Dr. Terry Harter (Tr. 844) and Dr. C. Shaffia Laue (Tr. 960, 962, 964, 338, 888, 892) also refer to fatigue as a medical problem.

B. Evaluation of fatigue symptoms

SSR 16-3P guides the evaluation of statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. It requires a two-step process, beginning with a determination of whether the individual has a medically determinable impairment that could reasonably be expected to cause

---

[2] Plaintiff has had an extensive number of medical contacts and has been prescribed numerous medications for a variety of health issues.

6

the alleged symptoms. The first step is satisfied here. The ALJ found that plaintiff suffers from conditions, some of which he considered "severe," which could produce feelings of fatigue, e.g., fibromyalgia, narcolepsy, depression and sleep apnea.[3]

The second step concerns the intensity and persistence of the individual's symptoms and determines the extent to which they limit the individual's ability to perform work-related activities. The court agrees with plaintiff that the ALJ did not properly evaluate the intensity and persistence of plaintiff's fatigue. Under SSR 16-3p, 2017 WL 5180304 *10 (10/25/2017), when evaluating fatigue or other symptoms:

> it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." It is also not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

Contrary to this rule, the ALJ basically limited his evaluation of plaintiff's fatigue to the following statement: "While there is little in the medical records to support her allegations, the undersigned has taken into consideration the

---

[3] There is also an assessment of hypersomnia in the record. (Tr. 330).

7

claimant's subjective complaints regarding her ongoing fatigue and chronic pain and limited the claimant's work to sedentary work." (Tr. 24).  The ALJ did not give specific reasons for why plaintiff's fatigue does not disable her from substantial gainful employment.  The ALJ seemed to give significant credit to the opinions of state agency consultants (Tr. 24-25), but these opinions also do not describe specific reasons for the weight given to plaintiff's fatigue symptoms and merely state:  "[claimant] alleged limitations mainly due to fatigue which is consistent but in excess of the medical findings."  (Tr. 90).  Plaintiff's activities of daily living are mentioned by the ALJ, although not directly discussed as to fatigue.  These activities, even as described by the ALJ, are quite limited and do not provide substantial evidence in support of the RFC findings.[4]

Because the ALJ did not properly follow the commands of SSR 16-3p in assessing the evidence of fatigue in this case, the court shall remand this matter for further consideration.  See Thompson v. Berryhill, 2019 WL 632189 *3 (N.D.Ind. 2/14/2019)(ordering remand in an action where the ALJ failed to properly assess fatigue symptoms under SSR 16-3p).  As part of a reassessment of plaintiff's fatigue, the ALJ may wish to reexamine the medical evidence of fibromyalgia and the opinions of Dr. Laue.  Therefore,

---

[4] The ALJ noted only that plaintiff cared for her "children" (she has one young son) and "took [him] to and from school and attended physician appointments." (Tr. 23).  A similar statement is made at Tr. 25.

8

the court will not reach plaintiff's arguments as to the ALJ's consideration of these matters.

IV. Conclusion

For the above-stated reasons, the court directs that the decision of the Commissioner be reversed and that judgment shall be entered pursuant to sentence four of 42 U.S.C. § 405(g) remanding the case for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED.**

Dated this 22nd day of December 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge